1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. QUACKENBUSH, | CASE NO. 1:06-cv-1151-OWW DLB PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| DEPARTMENT OF CORRECTIONS, et al., | (Doc. 9) |
| Defendants. | |
| _____/ | |

I.      Screening Order

        A.      Screening Requirement

        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's amended complaint, filed February 5, 2006.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3   506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short

4   and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.

5   8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

6   and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a

7   complaint only if it is clear that no relief could be granted under any set of facts that could be proved

8   consistent with the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately

9   prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may

10   appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

11   test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.

12   232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

13   suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262

14   F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a

15   plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

16   interpretation of a civil rights complaint may not supply essential elements of the claim that were not

17   initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

18   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19       B.    Plaintiff's Claims

20       Plaintiff alleges that after he was processed at the Wasco Reception center, he became a

21   "victim" of the legal system.  Plaintiff alleges that he was denied access to the court system because

22   of the deficiencies in the law library and the system for outgoing legal mail.  Plaintiff alleges that the

23   described conditions were the primary reason for the denial of his original appeal.

24       Plaintiff also contends he was subject to "inhumanitarian" conditions at the Reception

25   Center.  Plaintiff contends he was he did not have a mattress for "days"; he was required to wait in

26   a shower until a cell became available; and he did not have items mandated by the regulations.

27   Plaintiff is seeking money damages.  Plaintiff names the Director of the California Department of

28   Corrections ("CDC"), the California Department of Corrections and Rehabilitation ("CDCR"), the

1   People of the State of California, and the Governor of the State of California as defendants.

2       1.      Claims Against the CDCR and the People of the State of California

3       The Eleventh Amendment prohibits federal courts from hearing suits brought against an

4   unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir.

5   1991)(citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996);

6   Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v.

7   State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits

8   against state agencies as well as those where the state itself is named as a defendant.  See Natural

9   Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook,

10  951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada

11  Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v.

12  Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  The CDCR is a state

13  agency and is entitled to Eleventh Amendment immunity from suit.  Therefore, plaintiff's claims

14  as against the CDCR are barred.

15      Plaintiff also names the People of the State of California as a defendant.  States are not

16  persons for purposes of §1983.  See Arizonans for Official English v. Arizona, 520 U.S. 43, 69

17  (1997); see also  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  To the extent that

18  plaintiff's allegations are against the State of California, plaintiff's claim is barred under the

19  Eleventh Amendment.

20      2.      Claims Against Defendants Director of CDC and Governor

21          a.      Official Capacity Suits

22      Plaintiff names the Director of CDC and the Governor of the State of California as

23  defendants.  The Eleventh Amendment bars damages actions against state officials in their official

24  capacity.  See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith

25  v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).

26  Therefore, to the extent that plaintiff is attempting to impose liability on defendants in their official

27  capacity, he may not do so.

28  ///

1                      b.      Personal Capacity Suits

2          The Eleventh Amendment does not bar suits seeking damages against state officials in their

3   personal capacity.   See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of

4   Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976

5   F.2d 469, 472 (9th Cir. 1992).   "Personal-capacity suits seek to impose personal liability upon a

6   government official for actions [the official] takes under color of state law.   See Kentucky v.

7   Graham, 473 U.S. 159, 165 (1988).   Where plaintiff is seeking damages against a state official, such

8   as in the instant action, this "necessarily implies" a personal-capacity suit because an official-

9   capacity suit would be barred.   See Cerrato v. San Francisco Community College Dist., 26 F.3d 968,

10  973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284

11  (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

12         Supervisory personnel are generally not liable under section 1983 for the actions of their

13  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

14  supervisorial position, the causal link between him and the claimed constitutional violation must be

15  specifically alleged.   See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);  Mosher v. Saalfeld,

16  589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).   To show a prima facie case

17  of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either:

18  personally participated in the alleged deprivation of constitutional rights; knew of the violations and

19  failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy

20  'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

21  violation.'"   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)(internal citations omitted); Taylor

22  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   Although federal pleading standards are broad, some

23  facts must be alleged to support claims under Section 1983.   See Leatherman v. Tarrant County

24  Narcotics Unit, 507 U.S. 163, 168 (1993).

25         Plaintiff has not alleged any facts demonstrating that defendants personally participated in

26  the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

27  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

28  of constitutional rights' and is 'the moving force of the constitutional violation.'"   Hansen v. Black

                                                4

at 646.  For this reason, plaintiff fails to state a claim for relief against either of the named defendants.

Because plaintiff has failed to state cognizable claims for relief against the only two named defendants, the complaint must be dismissed.  The court will supply plaintiff with the requisite legal standards that appear to apply to his claims and will permit plaintiff the opportunity to file an amended complaint, in the event that plaintiff believes in good faith he has a cognizable claim.

3.    Denial of Access to the Court System

While the federal system is one of notice pleading, Fed. R. Civ. P. 8(a), plaintiff must allege some facts that would support a claim for relief under section 1983.

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit."  Phillips v. Hust, No. 04-36021, 2007 WL 446593, at *3 (9th Cir. Feb. 13, 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court.  Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351; Phillips, 2007 WL 446593, at *3.  The second element requires that plaintiff show defendant Chapparro proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability."  Id.  Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts.  Id. at *6.

4.    Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman,

5

452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Id. (quotations and citations omitted).

///

///

6

1          5.      Rule 8(a)

2          The court has screened plaintiff's complaint and found that it does not state any claims for

3   relief under section 1983.  The court will provide plaintiff an opportunity to file an amended

4   complaint.  In addition, plaintiff's complaint does not comply with Rule 8(a) of the Federal Rules

5   of Civil Procedure, which calls for a "short and plain statement of the claim showing that the pleader

6   is entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need

7   only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

8   Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon

9   at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim

10  is and the grounds upon which it rests."  Id. at 47.

11         In drafting his amended complaint, plaintiff is warned that the amended complaint must

12  comply with Rule 8(a).  Plaintiff should clearly and briefly set forth the facts in support of each claim

13  and should supply the facts necessary to link the alleged violation of his constitutional right to acts

14  or omissions of the named defendants.  However, plaintiff should not argue and should not set forth

15  a lengthy description of immaterial facts.

16         C.      Conclusion

17         The court finds that plaintiff's complaint does not state any claims upon which relief may be

18  granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended

19  complaint curing the deficiencies identified by the court in this order.

20         Plaintiff is informed he must demonstrate in his complaint how the conditions complained

21  of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

22  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

23  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

24  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

25  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

26  743 (9th Cir. 1978).

27         Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

28  complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint

1   supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
2   plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
3   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
4   of each defendant must be sufficiently alleged.

5          Accordingly, based on the foregoing, it is HEREBY ORDERED that:

6      1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
7              upon which relief may be granted;

8      2.      The Clerk's Office shall send plaintiff a civil rights complaint form;

9      3.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
10             amended complaint; and

11     4.      If plaintiff fails to file an amended complaint in compliance with this order, the court
12             will recommend that this action be dismissed, with prejudice, for failure to state a
13             claim upon which relief may be granted.

14

15     IT IS SO ORDERED.

16     **Dated:    June 5, 2008**              **/s/ Dennis L. Beck**
17                                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28